IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Teresa Sawa, | | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| v. | | ) | |
| | | ) | 24-cv-4727 |
| Menard, Inc. | | ) | Jeffrey T. Gilbert |
| | Defendant | ) | United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Defendant Menard, Inc.'s Motion for Sanctions [ECF No. 69] ("Motion") is denied for the reasons discussed below.

Defendant Menard, Inc ("Menard" or "Defendant") says there is no basis for Plaintiff Teresa Sawa's Rule 26(a)(2)(C) expert disclosures to the extent they say Plaintiff's treating physicians will testify at trial that her fall in a Menard's store in May 2022 caused her to suffer or aggravated a preexisting back injury and to continue to experience back pain to this day. Defendant asks the Court to sanction Plaintiff and her counsel pursuant to Federal Rule of Civil Procedure 26(g)(3) for serving what it says are unsupported Rule 26(a)(2)(C) disclosures. Federal Rule of Civil Procedure 26(g)(1) provides that by signing *Rule 26(a)(1)* and *Rule 26(a)(3)* disclosures, a lawyer certifies that to the best of his or her knowledge, information, and belief formed after a reasonable inquiry the disclosures are complete and correct at the time they are made. *See* FED. R. CIV. PRO. 26(g)(1) (emphasis added). Rule 26(g), on its face, does not apply to *Rule 26(a)(2)* disclosures. *Id.* Neither Defendant nor Plaintiff, however, address whether a court can sanction a party or its lawyer under Rule 26(g)(3) for

inadequate Rule 26(a)(2)(C) disclosures. Instead, both parties assume without discussion that Rule 26(g)(3) applies to Plaintiff's expert disclosures pursuant to Rule 26(a)(2)(C).

The Court, however, notes it is far from clear that Rule 26(g)(3) authorizes a court to award sanctions for a lawyer's certification of inaccurate Rule 26(a)(2)(C) disclosures. The advisory committee notes to Rule 26(g) focus on a lawyer's certification of a client's discovery responses. A lawyer's role in that context is different than the lawyer's role in providing Rule 26(a)(2) disclosures about opinions to be rendered by a retained or non-retained expert. A lawyer generally has far better access to his or her client and to information in a client's possession, custody, or control than the lawyer has to an expert witness. That is particularly true with respect to a Rule 26(a)(2)(C) non-retained expert like a treating physician. In some cases, for example, a client's physician may not even speak to the client's lawyer about the treatment rendered to the client outside of a deposition or trial. *See, e.g., Naylor v. Menard, Inc.,* No. 23-5307, [ECF No. 101], at 5 (N.D. Ill. Jan. 6, 2026) ("Plaintiff's counsel attempted to speak with Plaintiff's ophthalmic surgeon about the cause of Plaintiff's retinopathy before the suit was filed. The surgeon, however, would not speak to Plaintiff's counsel because, according to his office, he does not talk to lawyers other than in a deposition or at trial.").

Defendant cites no cases in which a court sanctioned a party or its lawyer pursuant to Rule 26(g)(3) for inaccurate Rule 26(a)(2)(C) disclosures or even considered doing so. The Court's own research did not uncover any cases in the

Seventh Circuit or elsewhere that even considered whether Rule 26(g)(3) sanctions can be imposed on a party or its lawyer for inaccurate Rule 26(a)(2)(B) or (C) disclosures. To the extent Defendant Menard's Motion could be denied because it has no basis in law or in the Federal Rules of Civil Procedure, the Court declines to decide a question the parties have not briefed. Instead, the Court will address the underlying issues raised by Defendant in its Motion and decide on the record presented whether Plaintiff served and her counsel certified inaccurate Rule 26(a)(2)(C) disclosures. For the reasons discussed below, the Court finds that Plaintiff's Rule 26(a)(2)(C) disclosures and counsel's certification are not improper, and therefore, the Court does not need to decide if Rule 26(g)(3) sanctions are permitted for improper Rule 26(a)(2)(C) disclosures.

In this case, Plaintiff disclosed three medical treaters as Rule 26(a)(2)(C) experts. Defendant then deposed each physician. Defendant says none of those doctors provided any testimony in their discovery depositions that supports Plaintiff's contention that she injured her back in a fall at Menard's store in May 2022 or that the fall aggravated a preexisting back condition. Defendant argues, therefore, that Plaintiff's Rule 26(a)(2)(C) expert disclosures were not the product of reasonable inquiry or substantially justified as required by Rule 26(g)(3). As a result, Defendant says it should be reimbursed for its costs, including attorney fees, incurred in deposing Plaintiff's physicians as a sanction to be levied pursuant to Rule 26(g)(3). Defendant also asks the Court to strike portions of Plaintiff's Rule 26(a)(2)(C) disclosures "relating to Plaintiff's lumbar spine" and to "preclude Plaintiff from

3

offering any treating-physician causation testimony regarding her back at trial." Motion [ECF No. 69], at 9.

Judge Dow explained in *Pouncy v. City of Chicago*, 2017 WL 8205488 (N.D. Ill. Dec. 11, 2017), with respect to a motion for sanctions under Federal Rule of Civil Procedure 26(g)(3) concerning counsel's signature on discovery disclosures and responses to discovery (not involving expert witness disclosures), that:

> Rule 26(g)(3) mandates "the imposition of sanctions where a party **knowingly certifies** inaccurate or incomplete discovery responses **without substantial justification.**" *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 188 F. Supp. 3d 776, 789 (N.D. Ill. 2016) (citing Fed. R. Civ. P.26(g)(3)) (emphasis added). Rule 26(g)(3) sanctions are not appropriate where the attorney made a reasonably inquiry and reasonably relied on information provided to the attorney. *See, e.g., Davis v. Lakeside Motor Co.*, 2014 WL 3341033, at *5 (N.D. Ind. July 7, 2014) (holding Rule 26(g) sanctions were inappropriate where attorney relied on representation of client); Fed. R. Civ. P. 26 advisory committee notes (1983) ("In making the inquiry, the attorney may rely on assertions by the client ... as long as that reliance is appropriate under the circumstances.").

2017 WL 8205488, at *12. The Court, again, assumes without deciding that standard applies here.

The record in this case reveals that Plaintiff testified at her deposition that she experienced back pain when she fell in a Menard's store in May 2022. *See* Sawa Deposition [ECF No. 71-1], at 43. Moreover, Plaintiff also testified that she continues to have back pain when she walks. *Id.* Plaintiff denied that she experienced back pain before she fell at Menard's store. *Id.* In her Rule 26(a)(2)(C) disclosures, however, Plaintiff broadly covers her bases, repeatedly making reference to a possible preexisting back injury: "[t]he subject incident involving the metal platform at

Menards on May 9, 2022 proximately caused and/or aggravated or exacerbated Teresa Sawa's injuries and/or pre-existing conditions to her left elbow and back." Motion [ECF No. 69-1], Ex. A at 5, 7, 9.[1]

One of Plaintiff's treaters, Dr. Donkoh, an anesthesiologist and pain specialist, testified during his deposition, consistent with Plaintiff's Rule 26(a)(2)(C) disclosure about his anticipated testimony, that Plaintiff's fall at the Menard's store in May 2022 at the very least aggravated an existing back condition. *See* Donkoh Deposition [ECF No. 71-2], at 31-34. Dr. Donkoh testified that "whatever was going on led from the fall." Donkoh Deposition [ECF No. 71-2], at 32:3-8. Defendant argues Dr. Donkoh's testimony "does not establish, to a reasonable degree of medical certainty, that the May 9, 2022 fall caused or aggravated Plaintiff's lumbar condition." Menard's Reply [ECF No. 72], at 4. Whether or not Dr. Donkoh's testimony "establish[e]s to a reasonable degree of medical certainty" that Plaintiff's fall aggravated a preexisting back condition is not the relevant question for purposes of Plaintiff's Rule 26(a)(2)(C) disclosures. That issue is ultimately for trial. In the

---

[1] Defendant argues that Plaintiff experienced back pain before she fell in Menard's though it cites no medical records to support that assertion. Plaintiff says that argument is not supported by her medical records. *See* Plaintiff's Response to Motion to Compel [ECF No. 71], at 2. Plaintiff's statement clearly is not true. One of Plaintiff's treating physicians, Dr. Macri, testified during his deposition that Plaintiff had back pain "pretty consistently since March of '19." Macri Deposition [ECF No. 71-3], at 34:10-14. Further, Plaintiff's Rule 26(a)(2) disclosures seem to admit of the possibility that she had a back condition that was aggravated by her fall at Menard's. *See* Motion [ECF No, 69-1], Ex. A at 5, 7, 9. Whether the fall caused Plaintiff to suffer a back injury or aggravated a preexisting condition does not matter for purposes of resolving the instant Motion because, as noted, Plaintiff's Rule 26(a)(2) disclosures cover both possibilities.

Court's view, Plaintiff's Rule 26(a)(2)(C) disclosure about Dr. Donkoh's anticipated expert testimony is largely accurate and it tracks with his actual deposition testimony. Defendant emphasizes that Dr. Donkoh treated Plaintiff two years after her fall at Menard, but that arguably goes to the doctor's credibility or to the weight of his testimony, or perhaps to its admissibility at trial, but not to whether Plaintiff's Rule 26(a)(2)(C) disclosure is accurate.

Dr. Macri, another one of Plaintiff's treaters, testified that a fall onto a hard surface like Plaintiff experienced at Menard could aggravate a preexisting back condition. *See* Macri Deposition [ECF No. 71-3], at 38:2-13. When asked directly whether his opinion was that Plaintiff's fall did aggravate a preexisting back condition, Dr. Macri said he was not sure. *See* Macri Deposition [ECF No. 71-3], at 38:25–39:19. The lawyers then went back and forth about the causation point at Dr. Macri's deposition. When pressed on whether he had an opinion about whether Plaintiff's fall "might or could have exacerbated her symptoms," Dr. Macri said, "it could have. Like I said, I just don't know." Macri Deposition [ECF No. 71-3], at 41:6-12. While Dr. Macri's testimony is not firmly supportive of Plaintiff's theory that her fall at Menard caused or aggravated an existing back condition, the doctor's testimony also does not preclude such a conclusion. Moreover, it is not clear what Dr. Macri may say at trial given his wobbly deposition testimony. Given Dr. Macri's deposition testimony, the Court cannot say that Plaintiff's Rule 26(a)(2)(C) disclosure as to Dr. Macri's expected testimony is knowingly false or that it was made without

reasonable inquiry or substantial justification – though it admittedly is at the far reaches of substantially justified.

Dr. Fakhouri, Plaintiff's third disclosed Rule 26(a)(2)(C) expert, treated Plaintiff for an elbow fracture. The bulk of Plaintiff's Rule 26(a)(2)(C) disclosure as to Dr. Fakhouri's anticipated trial testimony focuses on that treatment. It appears, however, that Plaintiff's counsel copied the same causation language into each of Plaintiff's treating medical expert disclosures: "The subject incident involving the metal platform at Menards on May 9, 2022 proximately caused and/or aggravated or exacerbated Teresa Sawa's injuries and/or pre-existing conditions to her left elbow and back." Plaintiff's Rule 26(a)(2) Disclosure [ECF No. 69-1]. Dr. Fakhouri testified at his deposition that he has no opinion about Plaintiff's back condition being caused or aggravated by her fall at Menard. That makes sense because, as is apparent from the whole of Plaintiff's Rule 26(a)(2)(C) disclosure about Dr. Fakhouri and her medical records, he did not treat Plaintiff for her back condition.

Plaintiff's boilerplate, repetitive Rule 26(a)(2)(C) disclosure for each of her disclosed medical treaters is no doubt sloppy. Defendant's attempt to take advantage of Plaintiff's counsel's sloppiness though is not well-taken on this record. It is clear from Plaintiff's medical records produced to Defendant and from the rest of her Rule 26(a)(2)(C) disclosure about Dr. Fakhouri that he treated Plaintiff for an elbow fracture and not a back injury or condition (stray notes in those records by a physician's assistant about Plaintiff's cervical spine notwithstanding). Moreover, Defendant's counsel seemingly would have deposed Dr. Fakhouri about his treatment

7

of Plaintiff's elbow injury even if he did not need to depose the doctor about Plaintiff's claimed back injury. And counsel's examination of Dr. Fakhouri at his deposition about his non-existent treatment of Plaintiff's back injury sparked by Plaintiff's boilerplate Rule 26(a)(2)(C) disclosure that references her back injury did not take much time during the deposition. Therefore, even if Rule 26(g)(3) applies to Rule 26(a)(2)(C) disclosures, an issue the Court is not deciding, the attorney's fees and costs associated with a technically inaccurate disclosure about the opinions Dr. Fakhouri would offer about Plaintiff's back condition arguably made without reasonable inquiry or substantial justification (or just as a result of sloppy language in Plaintiff's Rule 26(a)(2)(C) disclosures) are *de minimis* and need not be assessed under Rule 26(g)(3).

For all these reasons, the Court disagrees with Defendant that Plaintiff or her counsel should be sanctioned for knowingly certifying without substantial justification Rule 26(a)(2)(C) disclosures that say all of Plaintiff's treating physicians will testify that Plaintiff's back injury was caused by her fall at Menard or that the fall aggravated an existing back injury. Plaintiff's treating expert disclosure as to Dr. Donkoh is not inaccurate at least as to aggravation of a preexisting injury and her disclosure as to Dr. Macri, though perhaps on the line giving Plaintiff a large benefit of the doubt, is not completely baseless as Defendant argues given Dr. Macri's inconclusive deposition testimony. Plaintiff's disclosure as to Dr. Fakhouri is not accurate about whether he had an opinion about Plaintiff's back. But, as noted above, that appears to be the product of Plaintiff's counsel copying boilerplate verbiage in

8

her Rule 26(a)(2)(C) disclosures for all the experts rather than knowing or intentional conduct designed to mislead Defendant.

The Court does not mean to excuse Plaintiff's counsel's conduct but, in its discretion, neither does it think the sanctions sought by Defendant under these circumstances—striking Plaintiff's disclosures as to Dr. Fakhouri, barring Plaintiff from offering causation testimony from him at trial as to Plaintiff's back injury at trial, and attorney's fees and costs—are appropriate in this case. Plaintiff's Rule 26(a)(2)(C) disclosures are far from perfect, and they contain some inaccuracies, but Defendant's request for broad sanctions is not supported on this record again assuming without deciding that Rule 26(g)(3) even applies to Rule 26(a)(2)(C) disclosures which, for the reasons discussed at the beginning of this Memorandum Opinion and Order, it very well may not.

Accordingly, for all these reasons, Defendant's Menard, Inc.'s Motion for Sanctions [ECF No. 69] is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 28, 2026