**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Teresa Sawa, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 24 C 4727 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Menard, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Teresa Sawa was injured when she tripped over a platform while shopping at a Menard's store. Sawa contends that Defendant acted negligently by placing the platform in a walkway. Defendant moves for summary judgment. For the reasons stated below, Defendant's motion is denied.

**Legal Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[S]peculation is not enough to create a genuine issue of fact for the purposes of summary judgment." *Tousis v. Billiot*, 84 F.4th 692, 696 (7th Cir. 2023) (citations omitted). Rather, the parties must support their arguments by citing particular parts of the record. *Horton*, 883 F.3d at 948. The Court views the facts and draws all reasonable inferences in the light most favorable to the nonmovant. *Id.*

**Background**

On May 9, 2022, Sawa went to the Menard's store in Crestwood, Illinois. R. 86 ¶ 1. The store has a designated delivery area that is separate from the main shopping area, though it is still accessible to customers. *Id.* ¶ 44. At some point while shopping, Sawa turned from the main area of the store, took a step into the delivery area, and fell onto a platform. *Id.* ¶¶ 8, 13. Sawa testified that she had been unable to see the platform because there was "absolute darkness in the room" and "no lights at all." R. 80-1 at 7.

During this litigation, Defense counsel took photographs of the delivery area that depicted the type of platform that caused Sawa to fall. *See, e.g.,* R. 91-1 at 2. The parties agree that the below photograph accurately depicts the delivery area as well as the platform's size and design. *See* R. 91 at 2–4. Sawa contends, however, that "when the platform caused [her] to fall, the platform was closer to the doorway than what the photographs show." *Id.* at 4.



MENARD, INC. 000006

2

**Discussion**

In Illinois, "landowners owe business invitees a duty of care to keep their premises reasonably safe." *McCarty v. Menard, Inc.*, 927 F.3d 468, 471 (7th Cir. 2019). "Illinois courts consider four factors when deciding if a duty of care exists: (1) the reasonable foreseeability of the harm; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing that burden on the premises owner." *Id.* The open and obvious doctrine "implicates the first two factors." *Id.* When a condition is open and obvious, the "'open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight [because] people are expected to appreciate and avoid obvious risks.'" *Id.* (citing *Bucheleres v. Chicago Park Dist.*, 665 N.E.2d 826, 832 (Ill. 1996)).

"Whether a hazardous condition is open and obvious is an objective inquiry." *Id.* The question is whether "a reasonable person with [Sawa's] knowledge of the situation [would] appreciate and avoid the hazardous condition[.]" *Id.* "Courts can determine if a condition is open and obvious as a matter of law when there are no material disputes concerning the condition's physical nature." *Id.*

Here, Sawa contends that there was "absolute darkness" in the delivery area and thus that she could not see the platform. She argues that, as a result, the platform was not open and obvious. R. 85 at 3. In response, Defendant cites testimony from one its employees that the delivery area had "overhead LED high-bay lights, and that the back-room lights were part of the same system as the rest of the store and could not independently be turned off while the remainder of the store stayed illuminated during business hours." R. 88 at 3. Defendant further argues that "[e]ven accepting [Sawa's] testimony that the room appeared dark to her, . . . [Sawa's] asserted perception of darkness [] does not change the objective physical character of the condition." R. 88 at 4.

3

Critically, whether the delivery area was dark remains a question of fact for the jury.[1] Viewing the facts and drawing all reasonable inferences in the light most favorable to Sawa for the purposes of this opinion, the Court infers that the delivery area was "absolute[ly] dark" and that Sawa was unable to see the platform. The Court rejects Defendant's argument that Sawa's "perception of darkness [] does not change the objective physical character of the condition." While the darkness does not change the objective physical character of the *platform*, the darkness changes the overall character of the *condition*. While a large platform in the middle of a brightly lit room is an open and obvious condition, a large platform in the middle of a dark room is not. The Court finds that if Sawa was unable to see the platform, then the platform was not an open and obvious condition.

### Conclusion

For the reasons stated above, Defendant's motion [79] for summary judgment is denied. The parties shall file a joint status report by 7/27/26 that sets forth the following: A) whether, in light of the Court's ruling, the parties wish to engage in settlement discussions prior to trial; and B) the anticipated length of the trial.

**SO ORDERED.**                                        **ENTERED: July 16, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**

---

[1] If the jury credits Sawa's testimony that the delivery area was dark rather than the testimony of Defendant's employees that the delivery area was well-lit, then the question of whether Sawa was contributorily negligent for stepping into a dark room is also a question of fact for the jury. *See Clanton v. United States*, 20 F.4th 1137, 1147 (7th Cir. 2021).

4